UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

TERRY MATHIS,

                        Petitioner,

          v.                                      9:02-CV-0283 (NAM)(DRH)

JOHN BURGE, Superintendent,

                        Respondent.
---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| TERRY MATHIS<br>Petitioner, *pro se*<br>92-B-1144<br>Auburn Correctional Facility<br>135 State Street<br>Auburn, New York 13021 | |
| HON. ELIOT SPITZER<br>Attorney General of the State of New York<br>Counsel for Respondent<br>207 Genesee Street<br>Utica, New York 13501 | G. LAWRENCE DILLON, ESQ.<br>Assistant Attorney General |

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## ORDER

     By Memorandum-Decision and Order filed March 22, 2005, the petition for habeas corpus relief filed by petitioner Terry Mathis was denied and dismissed. Dkt. No. 22. The petitioner has appealed that dismissal to the United States Court of Appeals for the Second Circuit. Dkt. No. 26.

     Presently before the Court is the petitioner's request for a certificate of appealability ("COA"). Dkt. No. 27. Petitioner also seeks leave to proceed with his appeal *in forma pauperis* and the appointment of counsel. Dkt. Nos. 28, 29.

     Appeals to the Court of Appeals in habeas corpus proceedings are governed by

28 U.S.C. § 2253, which provides in relevant part that:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[1]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After reviewing the file, and for the reasons set forth in the Court's prior Decision and Order in this action, the Court finds that the petitioner has failed to make the showing required for issuance of a COA. Therefore, the Court denies his request.

Turning to petitioner's request to proceed *in forma pauperis* during the appeal of his case, petitioner states that he was previously granted *in forma pauperis* status and seeks to rely on that prior determination. Dkt. No. 28. However, because it does not appear from the docket that petitioner previously sought *in forma pauperis* status,[2] and because he has not supported his present application with an affidavit regarding his financial situation and/or a copy of his inmate account statement, his request is denied as incomplete, without prejudice to renew.

Petitioner has also filed a motion for appointment of counsel. Dkt. No. 29. This matter is not properly before this Court and the motion is hereby denied, without prejudice to renew before the Court of Appeals.

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed.R.App.P. 22(b).

[2] Petitioner paid the statutory filing fee when this action was commenced.

WHEREFORE, it is hereby

ORDERED, that the petitioner's application for a COA (Dkt. No. 27) is denied, and it is further

ORDERED, that petitioner *in forma pauperis* application (Dkt. No. 28) is denied as incomplete, without prejudice to renew, and it is further

ORDERED, that petitioner's motion for the appointment of counsel (Dkt. No. 29) is denied, without prejudice to renew before the Court of Appeals, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:   May 19, 2005
         Syracuse, New York

Norman A. Mordue
U.S. District Judge